[Civ. No. 35023. Second Dist., Div. Four. May 20, 1970.]

ANITA J. SINGER, Plaintiff and Appellant, v.
IRVING A. SINGER, Defendant and Respondent.

## COUNSEL

N. E. Youngblood for Plaintiff and Appellant.

Scherer & Lazarus and Edward M. Lazarus for Defendant and Respondent.

## OPINION

**KINGSLEY, J.**—Plaintiff Anita J. Singer appeals from a court order rejecting her request for an upward modification of child support. From our review of the proceedings we are persuaded of the merit of appellant's contention that the trial court restricted the evidence unduly and to her prejudice.

A property settlement executed by the parties on September 16, 1960, was filed with the court and approved in the interlocutory judgment of divorce which appellant obtained from Irving A. Singer on February 10, 1961. The decree sets forth fully the amounts which respondent is required to pay to appellant as follows: Appellant is to receive for her support the sum of $625 per month for a period of ten years and one month and thereafter the sum of $375 per month for the next four years, at the end of which time all support payments for appellant, if not earlier terminated by her death or remarriage, shall cease. In addition to the foregoing amounts, appellant is to receive the sum of $10,000 payable $1,000 per year for a 10-year period. For the support of the two minor children of the parties, respondent is required to pay $300 per month ($150 per month each), extraordinary medical and dental expenses, nursery school and day camp charges. Child support payments shall, in the event of appellant's remarriage, increase to $400 per month ($200 per month each).

In the period of eight years intervening between the property settlement agreement and the order presently appealed from, there was but one modification of the foregoing support provisions. An order to show cause was issued in February 1968, on appellant's behalf, to obtain an increase in child support on the ground that the amounts provided in the original decree were inadequate for the current needs of the children. Respondent, on March 29, 1968, countered with an order to show cause attempting to obtain a downward modification of appellant's support commensurate with whatever increase in child support might be granted to her on the ground that these amounts were initially adjusted in that manner for tax purposes. Thereafter, on April 18, 1968, pursuant to stipulation executed April 3, 1968, and apparently without the presentation of any evidence, the original decree was modified in minor respects to provide that respondent would pay costs of tutoring, all medical and dental expenses, and reasonable allowances for the children.

Several months later appellant employed new counsel and, on August 23, 1968, instituted new proceedings seeking an increase in child support to $340 per month per child, reasonable attorney's fees, and an order restraining respondent from making derogatory comments about appellant

to their sons. In her supporting declaration appellant asserts grounds for equitable relief from her stipulation of April 1968, alleging that "Since that time" she has found the amount paid by respondent insufficient to support the minor children, itemizing the monthly costs of maintaining the boys (which total $1,204 per month), and further alleging that "Since the Interlocutory Judgment of Divorce herein" she has been unable to obtain adequate child support and has been forced to refinance her home, using the money for living expenses and thus depleting her separate estate.

At the outset of the hearing on modification, which took place on October 17, 1968, the trial court, on the basis of appellant's declaration, ruled that any matters occurring before April 1968 were irrelevant. The court also ruled, on the same basis, that all evidence relating to the father's ability to pay was inadmissible because not expressly declared to be in issue. However, the court thereafter allowed appellant to "amend" in this respect and to introduce the deposition of respondent which was taken on September 20, 1968. However in the deposition, as at the hearing, the father refused to answer any question relating to his financial status and testified only that he was remarried and had for three years resided with his present wife, two stepchildren, and a live-in maid in a home in Truesdale Estates. Respondent refused to disclose his financial condition further on grounds that his ability to pay all reasonable sums required for the support of his children was conceded. Thereupon, at the trial court's suggestion, all parties stipulated that respondent then, and at all times relevant, including the time of the property settlement and divorce, had the ability to pay any and all sums reasonably necessary for child support. No further examination was made of respondent.

Appellant thereupon testified, supporting her alleged and itemized expenses with actual check stubs on her bank account. She stated that the two children are now strapping teenagers of 12 and 15 with insatiable appetites, and the elder son is, in fact, six feet tall and weighs 150 pounds. The family still resides in the two bedroom and den West Los Angeles home, now appellant's separate property, where they formerly lived with their father. Appellant in 1965 refinanced the home for approximately $13,500, paid off an existing $2,500 mortgage, bought a $1,500 used car, and depleted the balance by living expenses until only $4,000 remains. Appellant, age 39, has never supported herself and has no income or assets other than those provided by respondent. She has a chronic inner ear disturbance called labyrinthitis which brings on periodic attacks of nausea, is unskilled, and has not sought employment because she has no household help and spends her full time in maintaining the home and caring for the boys.

The court made it abundantly clear throughout appellant's testimony that it regarded as inconceivable the notion that in six months (since April 1968) the boys could grow at such a rate or appellant's expenses could so increase that due consideration should be given to an increase in child support. After the foregoing testimony, appellant's attorney made an offer of proof requesting permission to show the increase in the cost of support of the boys prior to April 1968. He asserted that the sons were entitled to the same, concededly luxurious, living standard as their father and that, in view of the father's acknowledged ability to support them and the uncontradicted evidence of their expenses, an increase was appropriate. He further contended that, in view of the policy that a mother cannot contract away the right to support of her minor children and that the support order was in April 1968 modified without judicial inquiry into change of circumstances and upon stipulation, appellant should not be bound by evidence only of increased needs since that date. The trial court, without passing upon the validity of these contentions, rejected the offer of proof on the ground that appellant was instead bound by the language of her declaration which the court interpreted, pointing to the phrase relating to the April stipulation that said "Since that time," as relating merely to the period since the April 1968 modification.[1]

Appellant's declaration, appended as "Exhibit A" to the order to show cause, cannot be so narrowly interpreted, and the court in thus restricting the presentation of evidence relating to the support needs of the two boys, especially in view of the acknowledged affluent living standard and ability of the father to provide commensurately for his sons, abused its discretion.

Although the declaration, which was admitted in evidence, is not pre-

---

[1] "MR. YOUNGBLOOD: I make an offer of proof on behalf of the plaintiff, asking leave of the Court not to be restricted to testimony with regard to the cost of maintaining these two sons only since April of 1968 upon the grounds, that is based, first of all, I believe that a modification of a support order for minor children which is made pursuant to a stipulation does not require a showing of change of circumstances nor is it res judicata.

"I asked leave of Court to put this plaintiff back on the stand and to show the increase in the cost of support of the minor children prior to April of 1968 and prior to the written stipulation of April, 1968, by which the child support was agreed upon between the parties in this action.

"THE COURT: I am going to rule that that is out, because the modification says, refers to the April stipulation. It says 'since that time I find that.' That is the total. I have to read it exactly according to the words.

"So, at this time I must rule that such an offer of proof would be not in order and not relevant.

"       .     .     .     .     .     .     .     .     .     .     .     .

"Now, you have had your chance to amend. You have h_d your hearing and it is too late at this point to now suddenly ask for a new amendment on this basis."

cisely drafted, it is made reasonably clear therein that appellant sought relief from her earlier stipulation and a judicial determination of the amount of support to which her minor sons were entitled upon a showing of the relative, over-all circumstances of the parties which had evolved since the time of the interlocutory decree seven and one-half years earlier. The declaration related not only that appellant is unable to provide adequately for her minor sons on the support that she has received (in the words seized upon by the trial court) "Since that time," referring to the April 1968 order, but that she has not for a number of years been able to maintain the boys on the support paid by their father. The declaration further alleges, as hereinabove mentioned, that "Since the Interlocutory Judgment of Divorce herein, I have been unable" to obtain adequate support money from the boys' father. Appellant's modification request is clearly based upon broad grounds, including events which have taken place over the intervening years as, for example, her refinancing of the family home and the depletion of her separate estate in order to supplement the payments made by respondent and to pay for the living expenses for herself and the two boys.

Although we cannot speculate as to what other evidence appellant contemplated introducing in support of her claim to additional child support, it is our view that she was not so limited as to justify the restrictions imposed by the trial court. The stipulated April 1968 order was tantamount to a voluntary amendment of the support provisions of the property settlement agreement originally entered by the parties, and the rights of minor children to adequate financial support have priority over the contractual arrangements between their parents. (*Rosher* v. *Superior Court* (1937) 9 Cal.2d 556, 559-560 [71 P.2d 918].) ■ The stipulation of the parties, unless it is tantamount to an agreed statement of facts on which the portion of the decree relating to custody, maintenance and education of the children is based, does not divest the court of authority to modify child support. (*Parkhurst* v. *Parkhurst* (1897) 118 Cal. 18 [50 P. 9].) ■ Any proper modification of the decree, may, in consideration of the best interest and welfare of the children (*Wilson* v. *Wilson* (1873) 45 Cal. 399), be ordered on application of the mother, despite her previous agreement limiting the father's obligation for support. (*Lewis* v. *Lewis* (1917) 174 Cal. 336 [163 P. 42]; *Black* v. *Black* (1906) 149 Cal. 224 [86 P. 505].)

■ The stipulation in the present case, insofar as the record discloses, was entered into by the parties without an adjudication upon evidence presented to the court of the amount of child support to which the minor boys were entitled. Respondent's attorney admits, in reference to his client's financial condition and ability to pay support, that "said ability was, . . .

never discussed during the settlement negotiations" because it was conceded that he was able to pay any and all amounts reasonably necessary for the support of his children. ■ The law is well established that "The father's duty to support the children does not end with furnishing the mere necessities of life if he is able to afford more. Children are entitled to be supported in a style and condition consonant with the position in society of their parents. (*Bailey* v. *Superior Court,* 215 Cal. 548, 555 [11 P.2d 865].)" (*Newell* v. *Newell* (1956) 146 Cal.App.2d 166, 178 [303 P.2d 839]; *Caldwell* v. *Caldwell* (1962) 204 Cal.App.2d 819 [22 Cal.Rptr. 854]; *Reese* v. *Reese* (1961) 190 Cal.App.2d 181 [11 Cal.Rptr. 590].) The definition of what is "reasonable" in relation to a child's "needs" thus varies with the circumstances of the parties. ■ In light of the stipulation, the evidence of the manner of living of the father, and the father's firm refusal to be more specific as to his actual income and other expenses, he can hardly object to an allowance that does not exceed the amount demanded in the pleadings and which the evidence on remand shows will be legitimately devoted to the best interests of his children.

Appellant has invoked the court's equitable jurisdiction to make a determination, upon all of the circumstances, of the amount to which her children are presently entitled for their support from a concededly wealthy father. We find nowhere a law which will justify restricting the determination of the best interests and welfare of two teenage children, where no modification of child support of any import has been made in eight years, by the stipulation improvidently entered by their mother.

It is provided by statute that "All . . . orders for child support, even when there has been an agreement between the parties on the subject of child support, may be modified or revoked at any time at the discretion of the court, except as to any amount that may have accrued prior to the order . . . ." (Civ. Code, § 139.)[2] In the present case the children reside with their mother in the home which they occupied when their parents were divorced and the amounts designated by appellant in her request for increased child support, in view of the advanced ages of the children and the inflationary cost of living appear exceedingly modest. Appellant has alleged that her limited personal reserves are dwindling away under the burden of the increased financial requirements of the children, and we note that the time when her own support payments may be reduced or terminated is rapidly approaching. Since any modification of child support is limited to prospective operation, and in view of the allegedly continuing drain on appellant's financial resources, it appears that, if she is compelled to wait for any substantial period in order to show a change of circum-

---

[2]Now subdivision (a) of section 4811 of the Civil Code.

stances sufficient to satisfy the restrictive view of the trial court, she could never be adequately compensated for the depletion of her separate estate. We are persuaded that the best interests and welfare of the children entitled appellant to a complete reevaluation of the circumstances, including the relative conditions and living standards of the parents and the increased social and educational requirements of the children expressed in financial terms.

No evidence was adduced relative to the requested restraining order and it was properly denied. It is our view that appellant's right to receive attorney's fees should be re-evaluated along with the other evidence which may be presented at the next hearing on this matter.[3]

The trial court's ruling rejecting all evidence except that deemed to relate to a change in circumstances following the April 1968 decree constitutes an abuse of discretion. The order appealed from is reversed and the matter is remanded to the trial court for further proceedings in accord with the views herein expressed.

Files, P. J., and Jefferson, J., concurred.

---

[3]We point out that the money remaining from the refinancing of the home, the $1,000 per year payable in discharge of her community property claims, and her own alimony (granted for her own needs) are not involved in determining the necessity of attorney fees to litigate the children's rights.