[Civ. No. 32919. First Dist., Div. Two. Nov. 29, 1973.]

WORKMEN'S COMPENSATION APPEALS BOARD, Petitioner, v.
THE SMALL CLAIMS COURT FOR THE
SAN LEANDRO-HAYWARD JUDICIAL DISTRICT
OF ALAMEDA COUNTY et al., Respondents;
EARLY-WINSTON-DRAKE et al., Real Parties in Interest.

COUNSEL

Franklin O. Grady, Sheldon C. St. Clair and Marcel L. Gunther for Petitioner.

No appearance for Respondent.

Glen L. Moss for Real Parties in Interest.

## OPINION

**TAYLOR, P. J.**— ██ ██ Petitioner, Workmen's Compensation Appeals Board, seeks prohibition to prevent respondent, Small Claims Court, San Leandro-Hayward Judicial District, from proceeding to trial on

two small claims actions on the ground that the subject matter of the actions is within the exclusive jurisdiction of the board.[1]

The board has supplemented the record originally presented to us by providing copies of the claims filed in the small claims court and of its order approving compromise and release in the matter of Clifford Shans v. Early-Winston-Drake and National Surety Corporation of California, case No. 69 OAK 30031, filed January 31, 1973. An examination of the record, as supplemented by the board, discloses that the matter arose when respondent, Dr. Milton Righetti, dissatisfied with a $250 award for his services as a medical witness for respondent, Clifford Shans, in a workmen's compensation proceeding, filed an action in respondent, small claims court, against respondent, Homer Sidlow, one of several attorneys who had represented the claimant and with whom he had consultations, seeking an additional $350 for "consultation and hearing-appearance service." Respondent Sidlow countered by claiming respondent Righetti was indebted to him in the sum of $400 for "loss of Workmen's Compensation award for attorney fees."[2]

Respondent Sidlow also filed a separate action in respondent small claims court against respondent Shans, his former client in the workmen's compensation proceeding, seeking to recover $350 (in the event respondent Righetti should recover against him) by virtue of the fact that respondent Shans had executed a "save harmless" agreement that he would pay any fees owed to the doctor.

■ We need not discuss the merits of the claims of respondents Righetti or Sidlow, for it is clear that both parties are pressing their claims in the wrong forum. ■ "A court has no jurisdiction to hear or determine a case where the *type of proceeding* or the amount in controversy is beyond the jurisdiction defined for that particular court by statute or constitutional provision" (*Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 288 [109 P.2d 942, 132 A.L.R. 715]; italics added).[3]

---

[1]By directing the issuance of an alternative writ of prohibition and transferring the matter to us, the Supreme Court necessarily determined that there is no adequate remedy in the ordinary course of law and that this case is a proper one for the exercise of original jurisdiction (*City & County of S. F.* v. *Superior Court* (1959) 53 Cal.2d 236, 243 [1 Cal.Rptr. 158, 347 P.2d 294]; see also *Brooks* v. *Small Claims Court* (1973) 8 Cal.3d 661, 663 [105 Cal.Rptr. 785, 504 P.2d 1249] (mandate); Cal. Rules of Court, rule 56(a)).

[2]Under the terms of the award, Sidlow had been awarded the sum of $100 for his past services; the attorney representing Shans at the time the award was made was awarded $500.

[3]The typical methods of preventing a court from proceeding in a case over which

 The California Constitution (art. XX, § 21) envisions a "complete system of workmen's compensation," a purpose which the Legislature has sought to implement by appropriate legislation (Lab. Code, § 3201). The Legislature, by statute, has vested the Workmen's Compensation Appeals Board with exclusive jurisdiction to fix the fees of medical witnesses and of attorneys representing the claimants in matters before the board (Lab. Code, §§ 4600, 5300, 5304, 5955).

Medical witnesses may file lien claims with the board, pursuant to Labor Code section 4903, subdivision (b), for the reasonable value of their services.[4] Attorneys may file lien claims, pursuant to the provisions of Labor Code section 4903, subdivision (a), for the reasonable value of legal services rendered to the claimant and for reasonable disbursements in connection therewith.[5]

 Labor Code section 4906 provides that "No charge, claim, or agreement for legal services or disbursements mentioned in subdivision (a) of Section 4903, or for the expense mentioned in subdivision (b) of Section 4903, is enforceable, valid, or binding in excess of a reasonable amount. The appeals board may determine what constitutes such reasonable amount." The purpose of section 4906 is to protect claimants before the board from the exaction of excessive fees. It constitutes professional misconduct for an attorney to secure or attempt to secure fees in excess of those

it has no jurisdiction, such as a motion to dismiss the proceedings for lack of jurisdiction of the subject matter, or a special demurrer raising the ground of lack of jurisdiction of the subject matter (Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, pp. 809-810), are unavailable to a defendant in a small claims action, as the nature and organization of the small claims court is such as to dispense with formal pleadings such as motions and demurrers, the sole object being to dispense speedy justice between the parties in an informal manner without the necessity for representation by an attorney (Code Civ. Proc., §§ 117g, 117h; Witkin, Cal. Procedure (2d ed. 1970) Courts, pp. 451-459).

[4]Labor Code section 4600 provides, in part, as follows: "In accordance with the rules of practice and procedure of the appeals board, the employee, or the dependents of a deceased employee, shall be reimbursed for expenses reasonably, actually,. and necessarily incurred for X-rays, laboratory fees, medical reports, and medical testimony to prove a contested claim. The reasonableness of and necessity for incurring such expenses to prove a contested claim shall be determined with respect to the time when such expenses were actually incurred. Expenses of medical testimony shall be presumed reasonable if in conformity with the fee schedule charges provided for impartial medical experts appointed by the administrative director."

[5]An attorney representing a claimant in a workmen's compensation proceeding is entitled to have the board carefully appraise the value of the services shown to have been rendered (*Bentley* v. *Industrial Acc. Com.* (1946) 75 Cal.App.2d 547, 549 [171 P.2d 532]). The basis upon which fees are fixed should not be so low as to discourage competent attorneys from practicing in the field (*Bentley, supra*, p. 550; *Wasserman* v. *Workmen's Compensation Appeals Board* (1968) 33 Cal. Comp. Cases 790, 793).

allowed by the board (*Coviello* v. *State Bar,* 41 Cal.2d 273, 276 [259 P.2d 7]; see also *Koker* v. *Elk Brass Mfg. Co.* (1971) (appeals board en banc opinion) 36 Cal. Comp. Cases 292, 294).[6]

A lien claimant who deems himself aggrieved by the board's award is not without a remedy. By statute, he may petition the board for reconsideration (Lab. Code, § 5900) and thereafter may seek review (Lab. Code, § 5950). Respondents Righetti and Sidlow may not circumvent the remedy provided by statute by filing actions in the small claims court.

■ Because the subject matter of the actions filed in respondent small claims court is within the exclusive jurisdiction of the Workmen's Compensation Appeals Board, respondent small claims court has no jurisdiction to hear or determine the claims.

Let a writ of prohibition issue commanding respondent small claims court to dismiss the actions in small claims cases Nos. 343233-8 and 343323-4, and to cease and desist from any further proceedings in these matters.

Kane, J., and Rouse, J., concurred.

---

[6]Attempts to obtain additional amounts may also result in the loss of the privilege to practice before the board (Lab. Code, § 4907; *In the Matter of Franz* (1972) (appeals board en banc opinion) 37 Cal. Comp. Cases 256, 259).