[Civ. No. 63776. Second Dist., Div. Three. Dec. 16, 1982.]

FRANK J. LEKSE, JR., Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE VENTURA COUNTY JUDICIAL
DISTRICT OF VENTURA COUNTY, Defendant and Appellant;
PETER W. GREENWOOD, et al., Real Parties in Interest and Respondents.

**COUNSEL**

Dorothy L. Schecter, County Counsel and Mary C. Ward, Assistant County Counsel, for Defendant and Appellant.

Siple & Orrock and Karen A. Kurta for Plaintiff and Respondent.

No appearance for Real Parties in Interest and Respondents.

**OPINION**

**KLEIN, P. J.**—The Municipal Court of Ventura County, Civil Division, (Municipal Court) appeals from a Superior Court of Ventura County (Superior Court) order mandating the Municipal Court to comply with certain directives relating to the underlying small claims action for past due rent of real parties in interest Greenwood and Snyder (Greenwood and Snyder) against Frank J. Lekse, Jr. (Lekse).[1]

---

[1]Greenwood and Snyder are not parties to this appeal.

We agree that the small claims court acted in excess of its jurisdiction, and therefore affirm the order.

## PROCEDURAL AND FACTUAL BACKGROUND

Greenwood and Snyder sought to recover in small claims court from Lekse past due rent on a month to month tenancy for the four month period of December 1979 to April 1980 at $375 per month, for a total of $1,500. Since the jurisdictional amount in small claims court was limited to $750[2] under Code of Civil Procedure section 116.2, Greenwood and Snyder filed two separate complaints simultaneously in April, 1980—one to recover rent for December and January and the other for February and March.

Judgments by default were entered on both complaints on the same day in the amount of $750 each when Lekse failed to appear.

An earnings withholding order was issued and satisfied as to the first judgment. A second earnings withholding order was issued and served pursuant to the judgment in the second case.

Lekse then retained counsel and moved to quash the second earnings withholding order on the ground that the second underlying judgment was entered in excess of small claims court's jurisdiction and was therefore void. The motion to quash was denied in the Municipal Court and Lekse filed a petition for writ of mandate in the Superior Court.

The Superior Court granted the writ, and ordered the Municipal Court to quash further proceedings relating to the second earnings withholding request, to consolidate the two cases and to quash any further proceedings as being beyond the $750 jurisdiction of the small claims court, since the jurisdictional limit had already been paid on the first judgment.

The Municipal Court appealed.

## CONTENTIONS

The Municipal Court contends that it was within the discretion and jurisdiction of the small claims court not to order the two complaints consolidated into one cause of action because there exists a separate and distinct cause of action as to each installment of rent due and unpaid. It further urges that in any event, Lekse waived any objection to the affirmative defense of splitting a cause of action.

---

[2]Since this litigation, the jurisdiction has been raised to $1,500. (Code of Civ. Proc., § 116.2.)

Lekse avers that the small claims court acted in excess of its jurisdiction in acquiescing in the filing of two complaints where only one cause of action existed. He argues that as a lay defendant, he should not be held to have waived a legal defense of which he had no knowledge.

DISCUSSION

■ 1. *Technical, legal defenses by unrepresented lay litigants not contemplated by small claims court policies.*

The issues raised by this case require us to focus on the nature and purpose of the small claims court.

We are advised in this regard by the legislative expression of findings and declarations set forth in Code of Civil Procedure section 116.1, the enabling statute, as follows: "The Legislature hereby finds and declares that individual minor civil disputes are especially important to the parties involved and of significant social and economic consequence collectively. The Legislature further finds and declares that in order to resolve such disputes in an expeditious, inexpensive, and fair manner, it is essential to provide a judicial forum accessible to all parties directly involved in resolving such disputes. The small claims divisions of municipal and justice courts have been established to provide such a forum and thereby comprise a fundamental element in the administration of justice and the protection of the rights and property of individuals. To help fulfill this purpose, it is the intent of the Legislature that the small claims divisions of municipal and justice courts and all rules of the Judicial Council regarding small claims actions shall operate to ensure that the convenience of parties and witnesses who are individuals shall prevail, to the extent possible, over the convenience of any other parties or witnesses."

Our Supreme Court has explained that, "[t]he theory behind [the small claims court's] organization is that only by escaping from the complexity and delay of the normal course of litigation could anything be gained in a legal proceeding which may involve a small sum. Consequently, the small claims court functions informally and expeditiously. The chief characteristics of its proceedings are that there are no attorneys, no pleadings and no legal rules of evidence; . . . [Citations.]" (*Sanderson* v. *Niemann* (1941) 17 Cal.2d 563, 573-574 [110 P.2d 1025].)

The action in *Sanderson* arose out of an automobile collision. Giving the "utmost significance" to the characteristics of the small claims court, the court refused to apply the doctrine of res judicata to judgments of the small claims courts, with the observation that ". . . the technical aspects of proximate cause, contributory negligence, imputed negligence and the doctrine of last

clear chance, of necessity have not been fully presented or considered. Nor would it seem probable that in proceedings had in a small claims court recognized rules of evidence could or would be observed. '. . . the parties are expected to appear personally without professional counsel, *and they cannot be expected to observe rules which they do not know.*' " (Italics added; *id.,* at p. 574.)

An appellate court made the observation that "[t]he typical methods of preventing a court from proceeding in a case over which it has no jurisdiction, such as a motion to dismiss the proceedings for lack of jurisdiction of the subject matter . . . , are unavailable to a defendant in a small claims action, . . . ." (*Workmen's Comp. Appeals Bd.* v. *Small Claims Court* (1973) 35 Cal. App.3d 643, 645-646, fn. 3 [111 Cal.Rptr. 6].)

Addressing the issues before us in the light of case interpretation of small claims court legislation, we agree with Lekse that a lay litigant should not have been expected to move the Municipal Court to consolidate the two separate complaints filed by Greenwood and Snyder into a single cause of action.

Nor do we find that by failing to move to consolidate, he can be held to have waived any right he had to do so.[3] "Waiver is the intentional relinquishment of a known right. It cannot be established without clear showing of intent to give up such right." (*E. D. McGillicuddy Constr. Co.* v. *Knoll Recreation Assn., Inc.* (1973) 31 Cal.App.3d 891, 900-901 [107 Cal.Rptr. 899].)

We see little difference between disallowing the applicability of res judicata to a small claims court judgment as set forth in *Sanderson* and holding that the otherwise affirmative defense of splitting a cause of action (*Williams* v. *Krumsiek* (1952) 109 Cal.App.2d 456, 460 [241 P.2d 40]; *Cohn* v. *Cohn* (1936) 7 Cal.2d 1, 6 [59 P.2d 969]) is not to be expected from a small claims lay litigant. Since the small claims court precludes the services of attorneys, technical legal defenses of this nature cannot be deemed waived by unrepresented defendants, such as Lekse.

Further, we cannot ascribe to Lekse the sophisticated legal information that the small claims court is encouraging practices resulting in judgments in excess of its jurisdiction in an abuse of the spirit of small claims court, which practices enure to his detriment.[4]

---

[3]The fact that Lekse did not appear and therefore defaulted does not render our rationale herein any less applicable.

[4]The Superior Court had before it Lekse's declaration wherein he averred that he was served only on one occasion and was aware of only one such action and therefore believed his liability to be limited to $750. The first notice he had of the second action was when a second earnings witholding order was served on his employer.

■ 2. *Greenwood and Snyder had but one cause of action which could not be split to avoid the jurisdictional limits of the small claims court.*

The Municipal Court urges that it is within its discretion not to force consolidation of the two complaints herein, and that the separate complaints were proper as being based on separate causes of action.

We agree with the premise set forth in *Tillson* v. *Peters* (1940) 41 Cal.App. 2d 671, 674-675 [107 P.2d 434], cited by the Municipal Court, that where rent becomes due in monthly installments, a right of action accrues upon each installment of rent when it becomes due. The case sets forth a correct principle of law—as far as it goes.

However, *Tillson* does not purport to stand for the proposition that past due rental installments create separate and distinct causes of action irrespective of when an action is filed to recover rent due and owing. *Tillson* dealt specifically with the question of when a cause of action accrues for purposes of the statute of limitations, and held that the statute begins to run on each monthly installment from the date the rent becomes due. (*Id.,* at p. 675.)

We believe the fact situation before us is governed by the general rule against splitting a single cause of action. It is axiomatic that an entire claim cannot be divided and made the basis of several suits. (3 Witkin, Cal. Procedure (2d ed. 1971) Pleadings, § 32, p. 1715; *McFaddin* v. *H. S. Crocker Co.* (1963) 219 Cal.App.2d 585, 589 [33 Cal.Rptr. 389]; *Wulfjen* v. *Dolton* (1944) 24 Cal.2d 891, 894 [151 P.2d 846].)

Counsel herein complain that there is no primary authority directly on point. Indeed, the principle involved is so universally accepted that no recent California court may have perceived a need to discourse directly on the subject as presented. However, in 1857, the case of *Love* v. *Waltz* (7 Cal. 250) held that the plaintiff therein had but one cause of action for all the rent due and owing at the time suit was filed. That ruling is still good law today in California and elsewhere.

A persuasive federal case directly on point is *Sutcliffe Storage & Warehouse Co.* v. *United States* (1st Cir. 1947) 162 F.2d 849. It involved four actions filed February 18, 25, 26 and 28, 1946 for sums due for the use and occupancy of the same realty over different periods of time from June 15, 1942, to December 31, 1945. The court required the actions to be consolidated and held that if the aggregate amounts sought exceeded the particular court's jurisdiction, the plaintiff would be required to waive any claim to the excess or resort to another court, stating: "It is an ancient and well-settled legal principle that claims for amounts due on running accounts or as installment payments, such as

rent . . . must include all amounts due at the time action is brought." (*Id.*, at pp. 851-852.)

Further, 1 Corpus Juris Secundum, Actions, pages 1327-1328, a well-recognized authority, states: "Where rent is payable at stated intervals, a separate action may be brought to recover each installment as it becomes due, *but all installments or portions of rent which are due and unpaid . . . at the time an action is brought must be included in that action in order to be recovered . . . .*" (Italics added.)

Any number of cases in other jurisdictions around the country have applied this principle in past due rent installment cases. In *Malony* v. *McMillan Book Co.* (1967) 52 Misc.2d 1006 [277 N.Y.S.2d 499, 502-503], the New York court declared that where several installments are due upon a simple contract for rent, they must be united in one action, and that a party may not divide up a single cause of action merely for convenience in seeking a forum. (See also *Viviano* v. *Ferguson* (Mo. 1931) 39 S.W.2d 568 (Missouri court held that a landlord who waited until all installments of rent were due had but one cause of action for the entire sum due); *Hare* v. *Winfree* (1924) 131 Wash. 138 [229 P. 16, 42 A.L.R. 126] (Washington Supreme Court found that all installments of rent due when action is brought for rent due and unpaid, which are not included in the action, are waived).)

Under well-established legal principles, Greenwood and Snyder had but one cause of action at the time they filed their complaints for past due rent. The small claims court herein, at the very least, acted in circumvention of its jurisdiction in admittedly allowing Greenwood and Snyder to file separate complaints where only one cause of action existed. Multiple, vexatious and oppressive litigation is no less onerous because it is filed in the small claims court.

While the Municipal Court recognizes that proceedings in the small claims court are less formal than in other courts, it urges that lack of formality should not "result in the complete rewriting of the law, either substantive or procedural." We quite agree; however, small claims court processes cannot be used to enable certain plaintiffs to bring multiple lawsuits where only one cause of action is stated within the jurisdictional limits of the court.

Witkin sets forth California law as follows: "A court without authority to decide cases involving more or less than a certain sum of money or amount of value is 'not competent,' i.e., it lacks jurisdiction of the subject matter of the action—the particular sum or amount in controversy." (1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 18, p. 544.)

The small claims court, a duly constituted "judicial forum" governed by applicable statutory and case law, is a court of limited jurisdiction. Lay defendents are entitled to rely on the set limitations and need not be prepared to present a technical, legal defense of splitting of one cause of action.

We acknowledge the chronic congestion in the Ventura Municipal Court, which court is of necessity devoted primarily to trying criminal matters, and appreciate its desire to accommodate similarly situated civil litigants as Greenwood and Snyder in small claims court. However, such litigants have the option of following the rules and making proper use of the small claims court by suing for past due rent as each installment comes due, or by consolidating past due claims up to the jurisdictional limit of the small claims court.

In other words, "[a] small claims court plaintiff, taking advantage of the speedy, inexpensive procedures and other benefits of that court, accepts all of its attending disadvantages . . . ." ) *Cook* v. *Superior Court* (1969) 274 Cal.App.2d 675, 677-678 [79 Cal.Rptr. 285].)

### Conclusion

Since we are convinced that the integrity of the small claims court system must be maintained, we agree with the Superior Court that here; the splitting of a single cause of action resulted in a second judgment in excess of the jurisdiction of the small claims court, which judgment is therefore void.

The order of the Superior Court is affirmed.

Lui, J., and Danielson, J., concurred.

On January 13, 1983, the opinion was modified to read as printed above.