[Civ. No. 54637. First Dist., Div. Three. May 11, 1983.]

In re the Marriage of LAURA L. and PAUL N. LACKEY.
PAUL N. LACKEY, Appellant, v.
LAURA L. LACKEY, Respondent.

COUNSEL

Gregory F. Jilka for Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Ann K. Jensen and Gloria F. DeHart, Deputy Attorneys General, for Respondent.

OPINION

**WHITE, P. J.**—The only issue in this case is whether a small claims court judgment determining arrearages based on the existing superior court order for child support has a res judicata effect on a subsequent action in superior court to determine arrearages accruing prior to the small claims action. We hold that the small claims court has no subject matter jurisdiction in such a case and therefore its judgment has no res judicata effect.

Appellant father and respondent mother were married on June 19, 1968, and an interlocutory judgment of dissolution of their marriage was entered on June 26, 1970, incorporating the property settlement agreement of the parties. The agreement included a provision for child support in the amount of $65 per month, to begin the 15th day of the month following the birth of the couple's child. The child was born on September 23, 1970.

On June 4, 1973, respondent mother filed an action in small claims court in order to collect $485 in child support arrearages. Her statement to the clerk in support of this action described the nature of the claim as "unpaid child support payments from Oct. Nov. Dec. 1972 Jan. Feb. March 1973, Apr. & May." Judgment in her favor was entered June 29, 1973, for the amount of $390 plus costs.

In April 1980, the district attorney on behalf of respondent mother moved in superior court to have the court determine and enforce payment of child support arrearages. The amount claimed was $4,680, including $1,560, which had accrued prior to the small claims court action.

At a hearing on the motion in June 1980, the appellant father argued that any arrearages which had accrued prior to the small claims judgment were merged in that judgment under the principle of res judicata, and the superior court deferred decision until points and authorities could be submitted by both sides.

In February 1981, the superior court filed a minute order holding that the small claims action was merely a collection device and that it was res judicata only with regard to arrearages accrued for the months specified in the small claims action, i.e., October 1972 to May 1973.

In May 1981, the superior court's order fixing arrears and for liquidation of arrears was filed. The amount of arrearages found by the superior court was $4,680 "less the sum of FOUR HUNDRED FIFTY-FIVE DOLLARS ($455.00) representing child support for the months of October 1972, to May 1973, inclusive," leaving a total past due of $4,225 as of March 1980. The appellant father was ordered to continue paying $65 per month on the original order which continued in full force and effect and to pay additionally at least $20 per month on the arrears beginning July 1, 1980. Payments were to be forwarded to the family support division of the district attorney's office.

The father appeals from that portion of the superior court order which determined the arrearages.

*Discussion*

The parties focus on the doctrine of res judicata and merger as it applies to small claims courts' judgments. They give almost no attention to the fundamental question of the small claims court's jurisdiction, although it is raised in a footnote in respondent mother's brief.

■ "[I]t is well established that questions of jurisdiction are never waived and may be raised for the first time on appeal." (*Costa* v. *Banta* (1950) 98 Cal.App.2d 181, 182 [219 P.2d 478].) ■ Further, an order made by a court which has no jurisdiction to make the order "may be attacked any time or anywhere, directly or collaterally whenever it presents itself, either by parties or strangers." (*Texas Co.* v. *Bank of America etc. Assn.* (1935) 5 Cal.2d 35, 41 [53 P.2d 127].)

■ As a matter of statutory interpretation, jurisprudence and policy, we hold that the small claims court had no subject matter jurisdiction and that its judgment has no legal effect at all. Our reasoning is explained below.

1. *The Legislature has given exclusive jurisdiction to the superior court for the enforcement of an order for child support.*

The Legislature in enacting the Family Law Act (Civ. Code, § 4000 et seq.) has given to the superior court "jurisdiction to inquire into and render such judgments and make such orders as are appropriate concerning the status of the marriage, the custody and *support of minor children of the marriage,* the support of either party, the settlement of the property rights of the parties and the award of attorneys' fees and costs; . . ." (Civ. Code, § 4351, italics added.)

And under the Family Law rules, "The court has jurisdiction of the parties and control of all subsequent proceedings from the time of service of the summons and a copy of the petition . . . ." (Cal. Rules of Court, rule 1217; see Civ. Code, § 4503 (dissolution petition to be filed in superior court).)

In addition, the Civil Liability for Support Act provides: "The superior court shall have jurisdiction of *all actions* brought under this title." (Civ. Code, § 245, italics added.) And Civil Code section 4703 provides: "When a parent has the duty to provide for the support, maintenance, or education of his child and willfully fails to so provide, either parent, or the child by his guardian ad litem, may bring an action *in the superior court* against the errant parent for the support, maintenance, or education of the child." (Italics added.)

And finally the Family Law Act particularly describes the methods for enforcement of child support orders. Civil Code section 4380 provides: "Any judgment, order, or decree of the court made or entered pursuant to this part may be enforced by the court by execution, the appointment of a receiver, contempt, or by such other order or orders as the court in its discretion may from time to time deem necessary." And Civil Code section 4383 provides a streamlined procedure for enforcement of support orders by writ of execution.

These provisions make it crystal clear that the superior court has jurisdiction to enforce child support orders.

The question remains whether a small claims court has some kind of concurrent jurisdiction in an "action" to determine and liquidate arrearages under an order to pay child support. The answer is simple. There is no such thing as an *independent* action to determine arrearages. The arrearages are by definition in relation to an existing order. The only logical and proper procedure is for the custodial parent to file a motion in superior court asking for determination of

the amount of arrearages under an existing judgment and for liquidation of the arrearages. The resulting superior court judgment may then be enforced as set out in Civil Code section 4380.

Any other analysis would violate the constitutional provisions which grant original jurisdiction to the superior court except where other trial courts are given original jurisdiction by statute. (Cal. Const., art. VI, § 10.) There simply is no statutory authority in the small claims court to hear a claim for child support arrearages under a superior court order.

The jurisdictional provision of the revised Uniform Reciprocal Enforcement of Support Act (URESA) lends weight to this conclusion. The purpose of URESA is to make a support order issued by the courts of one state enforceable in a sister state. (Code Civ. Proc., § 1652.) Essentially it allows a litigant seeking enforcement of a support order to file an action in the state where he or she resides. (Code Civ. Proc., § 1652.) The court in that state then transfers the case for enforcement to the state where the noncomplying party resides. (Code Civ. Proc., § 1676.) URESA explicitly provides that jurisdiction of all proceedings under the act is vested in the superior court (Code Civ. Proc., § 1672.5), establishing beyond doubt the Legislature's intention to give exclusive jurisdiction to the superior court for the enforcement of support orders of sister states. To treat our own courts' orders differently would create an anomaly that surely could not be the Legislature's intent.

The small claims court in the instant case nevertheless heard respondent mother's "claim" for past due child support. Perhaps the allegation of an amount due which was within the jurisdictional limit was taken as being entirely determinative of jurisdiction. This was an error since the small claims court lacked subject matter jurisdiction.

The court below concluded that the small claims court had been used as "a collection device." This was also an error since a judgment is not a collection device. A writ of execution and the other methods of enforcement set out in Civil Code section 4380 were the only collection devices properly available to respondent.

The proceedings in small claims court were therefore beyond its jurisdiction since the Legislature has given to the superior court continuing and exclusive jurisdiction to enforce its own order.

2. *The obligation to pay child support arrearages is based on the superior court's order and not on a claim in contract or tort.*

When the early ancestor of the small claims court first developed in England it was a forum where a party alleging money owing in a small sum could bring

an action based on a contract theory to recover the money. (*Leuschen* v. *Small Claims Court* (1923) 191 Cal. 133, 135-136 [215 P. 391].) In this country, however, and more particularly in this state, the small claims courts have from their inception allowed actions based on tort as well as contract. (*Id.,* at pp. 136-137.)

In the leading case of *Miller* v. *Municipal Court* (1943) 22 Cal.2d 818 [142 Cal.Rptr. 297], the Supreme Court observed that "[t]he only express limitations upon the jurisdiction of the small claims court, as to subject matter, are that the action be for the recovery of money only and that the amount claimed must not exceed $50, exclusive of costs." (At p. 851.) In *Miller,* the petitioner sought a writ of mandate to compel the small claims court to show cause why it should not hear a consumer action under the federal Emergency and Price Control Act of 1942. (*Id.,* at p. 821.) The case involved a lengthy discussion of complex issues related to the interpretation and enforcement of the federal law in a state court, but the underlying claim was simple. Petitioner Miller had been overcharged by an individual for the inspection of automobile tires. (*Ibid.*)

The *Miller* court's discussion of whether the small claims court was a court of "competent jurisdiction" to hear the case is brief. (*Id.,* at pp. 851-852.) It reasoned that small claims courts can hear negligence as well as contract claims, that the petitioner sought only a monetary remedy, and that the damages claimed were within the statutory jurisdictional limit. (*Ibid.*) It concluded that ". . . the small claims court obviously has jurisdiction of the subject matter." (*Id.,* at p. 852.)

This result is logical in view of the essential purpose of small claims courts, that is, to resolve disputes over relatively small amounts of money which are owed because of a wrong committed by one party against another.

Yet not *every* claim for money owing may be heard in small claims court. In *Workmen's Comp. Appeals Bd.* v. *Small Claims Court* (1973) 35 Cal.App.3d 643 [111 Cal.Rptr. 6], the court held that the subject matter of the suit, i.e., the payment of a witness who had testified in a worker's compensation case, was within the exclusive jurisdiction of the Workmen's Compensation Appeals Board. (At p. 647.) In the instant case, as we have already discussed above, jurisdiction of the subject matter, that is, the enforcement of a superior court order of child support, has been given by the Legislature to the superior court.

In addition this type of claim is beyond the jurisdiction of the small claims court because the claim for money owed is not based on contract or tort or any wrong by the petitioner father against the respondent mother. It rests instead on petitioner father's failure to obey a court order. The fact that a child support order is enforceable by contempt as well as a writ of execution (Civ. Code, § 4380) supports this analysis.

In the instant case, as in many similar circumstances, the parties had executed a property settlement agreement which was included in the decree of dissolution and which included provisions for payment of child support.

Civil Code section 4811, subdivision (a) provides: "The provisions of any agreement between the parents for child support shall be deemed to be separate and severable from all other provisions of that agreement relating to property and support of the wife or husband. *All orders for child support shall be law-imposed* and shall be made under the power of the court to make such orders. All such orders for child support even when there has been an agreement between the parties on the subject of child support may be modified or revoked at any time at the discretion of the court, except as to any amount that may have accrued prior to the date of filing of the notice of motion or order to show cause to modify or revoke." (Italics added.) Thus even where the parties provide in their agreement that the child support provision is nonmodifiable the court retains jurisdiction to change it.

And similarly when the parties have attempted to modify an existing order by a subsequent agreement the agreement is unenforceable separately and the court retains jurisdiction to enforce or modify the order. (E.g., *Singer* v. *Singer* (1970) 7 Cal.App.3d 807 [87 Cal.Rptr. 42].)

When the superior court includes the same provisions for child support in a dissolution decree that the parties had included in a property settlement agreement, it may be more accurate to say that the court's order agreed with the parties' plan rather than "incorporated" it. There is no question that it is for the court to determine what arrangements should be made for child support in view of the child's needs and the ability of the parents to pay. (Civ. Code, §§ 246, 247, 4700; *In re Marriage of Utigard* (1981) 126 Cal.App.3d 133, 143 [178 Cal.Rptr. 546].) It may order more or less support than the parties have agreed, although as a practical matter courts generally follow the parties' agreement since agreed terms are most likely to be voluntarily honored. The point is that the provisions for child support in any dissolution decree stem from the court's own responsibility to protect the best interests of the child, as well as from the parent's fundamental obligation to support the child. (See discussion in *In re Marriage of Utigard, supra,* at pp. 142-143.)

Of course former spouses, like anyone else, may have disputes in the nature of contract or tort claims which could be heard in small claims court. There may even be a binding agreement between former spouses regarding some form of financial assistance to the custodial parent which is independent of the dissolution decree—an enforceable promise to pay a child's special medical or dental expenses, for example. Such a separate agreement, assuming adequate consideration and the other necessary elements of a contract, would be justiciable in small claims court.

But it is clear in the instant case that petitioner father's obligation to pay money to respondent mother existed by virtue of a preexisting court order. There was no dispute between the parties in any sense that would give rise to a claim in contract or tort. The only dispute was over the extent of petitioner father's noncompliance with the order, an issue traditionally and properly within the province of the court which made the order.

3. *Judicial economy requires that enforcement of child support orders remain in the superior court.*

In the superior court either parent in a proceeding to determine child support arrearages may seek in addition prospective modification of the order. (Civ. Code, § 4700.) A small claims court, on the other hand, may give monetary relief only and has no jurisdiction to modify a preexisting superior court support order. (Code Civ. Proc., § 116.2.)

It is to be expected that when a noncustodial parent is called to account for nonpayment of child support the errant parent will frequently request modification so that the amount to be paid in the future is less. Similarly, once in court the custodial parent may wish to request an increase in support. These issues would clearly be beyond the purview of the small claims court. To allow a custodial parent to file a claim for child support arrearages in small claims court, at the same time requiring a superior court to hear modification requests, would be inefficient and inadvisable.

4. *The state's interest in enforcing child support orders to their full extent makes the small claims court an inappropriate forum.*

It is well established that when a custodial parent brings an action for payment of child support arrearages as distinguished from an initial action for support or request for modification, the child is not the real party in interest. (*In re Marriage of Utigard, supra,* 126 Cal.App.3d at p. 141.) This is so essentially because these proceedings are seen as a means of providing *reimbursement* to the custodial parent who is presumed to have supported the child during the period arrearages accrued. (*Di Corpo* v. *Di Corpo* (1948) 33 Cal.2d 195, 200 [200 P.2d 529].) While there may be some logical gaps in this analysis, we recognize that it is on this basis that the district attorney becomes involved in actions to collect child support arrearages. (Civ. Code, §§ 248, 4702.) When a county has paid out benefits for the support of a child, the superior court in an enforcement proceeding orders payment to be made to the county. (Civ. Code, § 4702.) The record shows that in the instant case, this was in fact the situation; petitioner father's support payments are to be sent to the family support division of the district attorney's office.

When a plaintiff brings an action in small claims court, entitlement to money owed in excess of the jurisdictional amount is necessarily waived. And under the recent case of *Lekse* v. *Municipal Court* (1982) 138 Cal.App.3d 188 [187 Cal.Rptr. 698], a judgment determining arrearages might require application of the rule against splitting a cause of action, thus precluding any subsequent action to collect arrearages accruing before the small claims action was filed.

Clearly it is not in the state's interest for these limitations to come into play in the context of child support orders, even where no welfare benefits have been paid. On the contrary it is in the state's interest for a noncustodial parent to pay child support in the full amount ordered by the court after due consideration of the child's needs and the parent's ability to pay.

To allow an action in small claims court could, in effect, allow the parties to circumvent the superior court's order. And it would often leave the county unnecessarily and improperly burdened with the support of a child yet without legal recourse against the parent who is morally and legally responsible for the child's support.

Such a result is highly undesirable as against the state's interest and unequivocally contrary to public policy. For these final reasons, therefore, we hold that a claim to collect arrearages under an existing order for child support cannot be heard in small claims court.

### Conclusion

The small claims judgment purporting to determine child support arrearages of petitioner father is a legal nullity since the proceedings were beyond the subject matter jurisdiction of the court. That judgment therefore has no res judicata effect at all.

■■■■ That portion of the superior court's judgment which held that the small claims judgment was res judicata as to the arrearages for October 1972 to May 1973, inclusive, is reversed[1] and the case is remanded for

---

[1] A departure from the usual rule against reversing a judgment in favor of a nonappealing party is justified in these circumstances. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 215, p. 4205; "The rule . . . is not inflexible.") To the extent the superior court's judgment rests on the small claims judgment, which was a legal nullity, it is void and must be reversed. (1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 17, p. 544.) Also, a partial reversal is necessary to do complete justice, since otherwise petitioner will escape the obligation to pay any child support arrearages at all for the period in question, which two different courts have determined that he owes. And finally, it would be unreasonable to require respondent wife to have appealed from the superior court's determination that appellant husband was already obligated to pay her arrearages under the small claims court's order; this was a judgment in her favor. (See cf., *In re Marriage of Moore* (1980) 28 Cal.3d 366 [168 Cal.Rptr. 662, 618 P.2d 208].)

determination of arrearages without regard to the proceedings in small claims court. The judgment is affirmed in all other respects.

Scott, J., concurred.

Barry-Deal, J., concurred in the judgment.

A petition for a rehearing was denied June 9, 1983, and appellant's petition for a hearing by the Supreme Court was denied August 18, 1983. Kaus, J., and Grodin, J., were of the opinion that the petition should be granted.