156 Cal.App.3d 242 (1984)
202 Cal. Rptr. 699
CALIFORNIA SCHOOL EMPLOYEES ASSOCIATION et al., Plaintiffs and Respondents,
v.
TRAVIS UNIFIED SCHOOL DISTRICT et al., Defendants and Appellants.
Docket No. A015285.
Court of Appeals of California, First District, Division Five.
May 23, 1984.
*245 COUNSEL
William E. Brown, Nancy B. Ozsogomonyan, Penn Foote and Brown & Conradi for Defendants and Appellants.
Peter A. Janiak, Madalyn J. Frazzini, E. Luis Saenz, Maureen C. Whelan, Siona D. Windsor, Janae H. Novotny and William C. Heath for Plaintiffs and Respondents.
OPINION
HANING, J.
Defendant/appellant Travis Unified School District (District) appeals from a judgment issuing a peremptory writ of mandate on behalf of plaintiff/respondent California School Employees Association *246 (CSEA). At issue is the District's obligation under Education Code section 44032[1] to reimburse school bus drivers for expenses they incur while transporting students to athletic events and on other field trips. We hold that section 44032 requires such reimbursement and affirm the judgment.
CSEA is the representative of the District's noncertificated school employees, among whom are school bus drivers. The drivers filed reimbursement claims for meals taken during overtime and weekend trips they made for the District. Initially the District paid the claims, but later denied them and recouped the money by deducting it from the claimants' paychecks. CSEA appealed the denial of the claims to the Governing Board of the District, but the Board denied the appeal, taking the position "that the subject of meal reimbursement for school bus drivers while on duty is a matter related to wages and therefore subject to negotiation between the parties.... It was the intent of the Governing Board in enacting the [Travis Unified School District] policy on Travel, Conferences, Workshops and Other Responsibilities Reimbursement ... to encourage attendance at conferences, workshops and other professional meetings and to reimburse employees who attend these sessions for actual and necessary expenses. The policy was not intended to reimburse bus drivers for meals while on assigned duties." The policy referred to states, in pertinent part: "The Governing Board encourages attendance at conferences, workshops, meetings, and other responsibilities for the purposes of growth to the individual and the district. The Governing Board also believes that this participation provides a harmonious relationship with students, parents and employees in their effort to improve the educational program of the school district. [¶] The Governing Board authorizes the payment of the actual and necessary expenses, including traveling expenses, of individuals when in the course of performing services for the district. [¶] The Governing Board authorizes an advancement of funds to cover such necessary expenses as are outlined in the rules of the district relating to conference, workshop and other responsibilities reimbursement." The trial court found this policy to be clear, neither including nor requiring reimbursement for meals while the bus driver is on overtime or weekend trips. It also found that meals taken by bus drivers during overtime trips were actual and necessary expenses and that limiting reimbursement only to expenses incurred when attending conferences, conventions or visiting other schools would not comply with the requirements of section 44032.
Section 44032 states, in pertinent part: "The governing board of any school district shall provide for the payment of the actual and necessary *247 expenses, including traveling expenses, of any employee of the district incurred in the course of performing services for the district, whether within or outside the district, under the direction of the governing board.... The governing board may direct any employee of the district to attend any convention or conference or to visit schools for the discussion or observation of any school matter appertaining to the duties of the employee or any question of interest to the school district."
(1) "Questions relating to the interpretation of statutes are matters of law for the court." (Golden v. City of Oakland (1975) 49 Cal. App.3d 284, 287 [122 Cal. Rptr. 400], citing Hall v. City of Taft (1956) 47 Cal.2d 177, 188 [302 P.2d 574].) (2) In construing a statute a court "`should ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.]" (Moyer v. Workmen's Comp. Appeals Bd. (1973) 10 Cal.3d 222, 230 [110 Cal. Rptr. 144, 514 P.2d 1224].) "The intent of the Legislature must be ascertained from the language of the enactment and where ... the language is clear, there can be no room for interpretation." (Caminetti v. Pac. Mutual L. Ins. Co. (1943) 22 Cal.2d 344, 353 [139 P.2d 908], cert. den., 320 U.S. 802 [88 L.Ed. 484, 64 S.Ct. 428].) "In determining such intent `[t]he court turns first to the words themselves for the answer.' [Citation.] We are required to give effect to statutes `according to the usual, ordinary import of the language employed in framing them.' [Citations.]" (Moyer, supra, 10 Cal.3d at p. 230.)
(3) In applying these rules to section 44032 we conclude the second sentence is not a limitation upon the first, restricting reimbursement to expenses incurred only from attendance at conventions, conferences, or school visitations. The two sentences are distinguished initially by their respective verbs: "shall provide" mandates a school board to pay expenses; "may direct" permits it to order employees to attend certain functions, but the board is not required to do so. (§ 75.) We agree with the trial court's conclusion that the second sentence expands rather than limits the kinds of expenses the Board shall pay. The wording reflects the Legislature's intent that attending conferences and conventions and visiting schools are to be considered methods of performing a service for the district and therefore compensable. To construe the second sentence as a limitation on the kinds of services which will be reimbursed can lead to absurd results. Suppose, for example, the bus driver had to repair a tire on the bus while en route to a basketball game. The Board could not seriously argue that the driver should not be reimbursed because the expense was not incurred in connection with a convention, conference or visitation to another school for purposes of discussing or observing school matters pertaining to the driver's duties.
*248 A statute is to be construed to avoid absurdity. (Dempsey v. Market Street Ry. Co. (1943) 23 Cal.2d 110, 113 [142 P.2d 929]; Associated Students v. Board of Trustees (1976) 56 Cal. App.3d 667, 676 [128 Cal. Rptr. 601].) The only reported decision construing section 44032 supports the drivers' position. Kacsur v. Board of Trustees (1941) 18 Cal.2d 586 [116 P.2d 593], held that a home teacher should be reimbursed for traveling expenses incurred in connection with her assignment to visit students. The conferences and conventions language was part of the statute at the time of this decision, and the language has not been altered in any significant manner since.
(4) The District's argument that the bus drivers are not eligible for reimbursement because they volunteered for overtime duty is answered by California School Employees Assn. v. Santee School Dist. (1982) 129 Cal. App.3d 785 [182 Cal. Rptr. 1]. In that case several school employees were requested, but not required, to come into school a few days before their scheduled starting day to assist at the school's media center. They were paid for working on these days. The principal issue was their entitlement to compensation for holiday pay. Former section 13656 stated that all employees in a paid status on the working day immediately preceding or succeeding certain holidays (which included the holidays in question), were entitled to holiday pay. The Court of Appeal held the employees were clearly entitled to holiday compensation. "Voluntarily working for compensation for the district at the request of the principal certainly is not a waiver of any statutory rights and to hold otherwise would be to open the door to possible loss of a myriad of employee rights. We are reluctant to take that route." (Id., at pp. 788-789.) The facts in the instant case are legally indistinguishable. Denying the drivers their statutorily mandated expenses because they volunteer to work overtime is in effect requiring them to subsidize the District as a condition to overtime work.
The District contends that athletic events and field trips are primarily for the benefit of the students and only indirectly for the benefit of the District, and that such indirect benefit is insufficient to authorize reimbursement for employees' expenses incurred therewith. It bases this contention on the language in the statute requiring reimbursement for expenses "incurred in the course of performing services for the district...." This argument shouldn't survive the first round in a moot court competition. It assumes the District has some independent reason for existence other than the education and social development of its students. The plain fact is that the drivers are employed by the District and not by the students. The District is responsible for their salary and their statutorily required expenses.
(5) The District further contends respondents should not be entitled to benefits which are not included in the collective bargaining agreement between *249 the employee organization and the employer. CSEA concedes the parties negotiated the issue of meal allowance, and its proposal of meal reimbursement was not included in the collective bargaining agreement. The Educational Employment Relations Act (Gov. Code, § 3540 et seq.), which established collective bargaining in public school systems, states, in pertinent part: "Nothing contained herein shall be deemed to supersede other provisions of the Education Code...." As we have already discussed, the Board is obligated under section 44032 to reimburse the drivers for actual and necessary expenses for meals taken on trips. That such a benefit is not included in the collective bargaining agreement is therefore no barrier to the drivers' right to reimbursement under the statute.
(6) Finally, the District contends for the first time that CSEA did not exhaust its administrative remedies by first bringing this matter to the Public Employment Relations Board (PERB).[2] (7a) The District contends PERB has exclusive initial jurisdiction under Government Code section 3541.3, subdivision (b), to determine in disputed cases whether a particular item is within or without the scope of representation. Scope of representation is limited to matters relating to wages, hours, and terms and conditions of employment. (Gov. Code, § 3543.2.)
(8) In San Mateo City School Dist. v. Public Employment Relations Bd. (1983) 33 Cal.3d 850, 858 [191 Cal. Rptr. 800, 663 P.2d 523], our Supreme Court approved the test established by PERB for determining whether the matter in issue is a term or condition of employment and therefore negotiable. "`[A] subject is negotiable even though not specifically enumerated if (1) it is logically and reasonably related to hours, wages or an enumerated term and condition of employment, (2) the subject is of such concern to both management and employees that conflict is likely to occur and the mediatory influence of collective negotiations is the appropriate means of resolving the conflict, and (3) the employer's obligation to negotiate would not significantly abridge his freedom to exercise those managerial prerogatives (including matters of fundamental policy) essential to the achievement of the District's mission.' (Anaheim Secondary Teachers Assn. v. Anaheim Union High Sch. Dist. [October 28, 1981; PERB Dec. No. 177] at pp. 4-5.)" (7b) The Supreme Court then harmonized this broad scope of representation with Government Code section 3540, which states "[n]othing contained herein shall be deemed to supersede other provisions of the Education Code," by approving another PERB decision: "`Unless the statutory *250 language [of the Education Code] clearly evidences an intent to set an inflexible standard or insure immutable provisions, the negotiability of a proposal should not be precluded.' (Calif. Sch. Employees Assn. v. Healdsburg Union High Sch. Dist. and Healdsburg Union Sch. Dist. [June 19, 1980; PERB Dec. No. 132] at p. 18." (San Mateo City School Dist. v. Public Employment Relations Bd., supra, 33 Cal.3d at pp. 864-865.) Because section 44032 mandates districts to reimburse employees for expenses incurred in performing services for them, such entitlement to reimbursement is not subject to and thus not within PERB's exclusive initial jurisdiction.
(9) The District argues further for PERB jurisdiction on the following grounds: (1) its refusal to include meal reimbursement in the collective bargaining agreement was a refusal to bargain in good faith, (2) a refusal to bargain in good faith is an unfair practice by an employer under Government Code section 3543.5, and (3) PERB has exclusive initial jurisdiction to determine charges of unfair practices under Government Code section 3541.5. This argument is irrelevant since the District's obligation to reimburse its employees for actual and necessary expenses is fixed by statute and, as we stated previously, exists independently of the collective bargaining agreement. Consequently, the employees may sue to enforce reimbursement and PERB jurisdiction does not lie. (See San Lorenzo Education Assn. v. Wilson (1982) 32 Cal.3d 841 [187 Cal. Rptr. 432, 654 P.2d 202].)
The judgment is affirmed.
Low, P.J., and King, J., concurred.
NOTES
[1] All further statutory references are to the Education Code, unless otherwise specified.
[2] The well established rule is that questions of jurisdiction are never waived and may be raised for the first time on appeal. (Consolidated Theatres, Inc. v. Theatrical Stage Employees Union (1968) 69 Cal.2d 713, 721 [73 Cal. Rptr. 213, 447 P.2d 325]; In re Marriage of Lackey (1983) 143 Cal. App.3d 698, 701 [191 Cal. Rptr. 309].)