Filed 9/6/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DAVID PRATT, | |
| Plaintiff and Appellant, | G052385 |
| v. | (Super. Ct. No. A238435) |
| ROBERT L. FERGUSON, as Trustee, etc., | O P I N I O N |
| Defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, Jamoa A. Moberly, Judge.  Reversed and remanded with directions.

Terence W. Roberts for Plaintiff and Appellant.

Law Offices of Stephen M. Magro and Stephen M. Magro for Defendant and Respondent.

\*          \*          \*

INTRODUCTION

David Pratt obtained court orders requiring his ex-wife, Cynthia Vedder, to pay child support and expenses. All those orders are final. Vedder is the beneficiary of a trust established by her grandparents. Pratt filed a petition to compel Robert L. Ferguson, the trustee of the Borgert Vedder and Nellie A. Vedder Revocable Trust (the Trustee), to satisfy the orders from Vedder's share of the trust estate. The trial court denied the petition based on a clause in the trust that prohibited the Trustee from making certain distributions if they would become subject to Vedder's creditors' claims (the shutdown clause). We reverse.

We hold that, notwithstanding the shutdown clause, Probate Code section 15305 gives the trial court discretion to order a trustee to make distributions of income and principal to satisfy the final child support orders. Probate Code section 15305, subdivision (d) expressly states that the section "applies to a support judgment *notwithstanding any provision in the trust instrument*." (Italics added.)

As described more particularly in the disposition, we remand to the trial court to exercise its discretion to order satisfaction of the child support orders with respect to all distributions by the trust of income and principal. We agree with the opinion of *Ventura County Dept. of Child Support Services v. Brown* (2004) 117 Cal.App.4th 144 (*Ventura County*), that where a trustee has discretion to make or withhold payment, the trustee may not act with an intent to avoid child support.

Pratt's petition also sought the imposition of a judgment lien on Vedder's interest in the trust estate to satisfy a community property judgment that he held against her. The trial court relied on the shutdown clause to deny the petition for a lien. Because Pratt was entitled to a judgment lien on the trust to satisfy the community property judgment, pursuant to the relevant provisions of the Probate Code and the Code of Civil Procedure, we reverse that portion of the trial court's order as well.

2

I.

*THE TRUST*

The Borgert Vedder and Nellie A. Vedder Revocable Trust was established in 1979. It was amended several times, the last being in 1989. The original trust document and the amendments thereto will be collectively referred to as the Trust. Borgert Vedder and Nellie Vedder were the trustors and the original trustees of the Trust (the Trustors); both are deceased.

The Trustors' children and grandchildren were named as the beneficiaries of the Trust. The Trust provided that upon the death of the surviving Trustor, the Trust's assets would be divided into separate and equal shares for the beneficiaries; those shares would continue to be held in trust. As a grandchild, Vedder was provided with a one-sixth share of the total assets of the Trust. The Trust instructed the trustee to distribute income and/or principal to the beneficiaries as follows:

1. Until the beneficiary reached age 25, the trustee was to pay to or apply for the benefit of the beneficiary the net income from his or her share of the Trust estate, in the trustee's discretion, up to the total net income.

2. Between the ages of 25 and 65, the trustee "shall" pay to the beneficiary or apply for the beneficiary's benefit all of the net income of his or her share of the Trust estate.

3. At any time, the trustee may, in its discretion, pay from the beneficiary's share of the principal for the beneficiary's care, maintenance, support, and education.

4. Upon the beneficiary reaching the ages of 50, 55, 60, and 65, the trustee "shall" distribute to the beneficiary a specific portion of the principal of his or her share of the Trust estate. At age 65, the remaining balance of the principal will be paid to the beneficiary.

3

In addition to a standard spendthrift clause,[1] the Trust contained the following language: "All provisions for the payment of periodic installments of principal to any beneficiary shall become inoperative during any period when and to the extent that, if paid, they would become subject to the enforceable claims of creditors of the beneficiary." The parties refer to this provision as the shutdown clause.

The Trust also provided that if a grandchild-beneficiary dies before age 65, the balance of his or her share of the Trust estate is to be distributed directly to the executor or administrator of his or her probate estate. (None of Vedder and Pratt's children was born when that provision was added to the Trust.) Vedder is now 48. As of December 31, 2013, the assets of the Trust estate held in trust for Vedder were valued at $216,008.71.

## II.

### THE FAMILY COURT'S JUDGMENT AND FINAL ORDERS

Pratt and Vedder were married, and had six children before their marriage was dissolved. The oldest child was born in 1990, and the youngest in 2003.

A judgment in the dissolution matter was entered in July 2009 (the community property judgment). Vedder was ordered to pay Pratt $50,114.85 for Pratt's community property interest in a bank account. As of September 2014, Vedder owed Pratt $76,284.23 in principal and interest on the community property judgment.

In May 2012, pursuant to stipulation by the parties, the family court ordered Vedder to pay Pratt $37,288.18 for past due and unpaid child support incurred during the period from February 2006 through August 2009.[2] Two years earlier, the court had

---

[1] Section 9.2 of the Trust, entitled "Spendthrift Provisions" (underscoring omitted), terminates the right of a beneficiary to receive income and principal (with limited exceptions) if the beneficiary, among other things, encumbers or assigns such income or principal.

[2] In August 2009, the family court had ordered Vedder to pay child support to Pratt in the amount of $1,050 per month from September 2009 to June 2011, and $781

4

ordered Vedder to pay Pratt $9,680.65 to reimburse Pratt for medical and child care expenses. As of April 2014, Vedder owed Pratt a total of $93,424.14 in unpaid child support and child care expenses, pursuant to the prior court orders, all of which were final. These child support orders are judgments within the meaning of Probate Code section 15305 because they are final, appealable, and enforceable. (*In re Marriage of Gruen* (2011) 191 Cal.App.4th 627, 637-638; see Fam. Code, § 290; Cal. Rules of Court, rule 8.10(4) ["'Judgment' includes any judgment or order that may be appealed."]; *In re Marriage of Lackey* (1983) 143 Cal.App.3d 698, 702.)

PROCEDURAL HISTORY

In January 2015, Pratt filed a petition for an order requiring the Trustee to pay $93,424.14, plus interest, from the income and/or principal of Vedder's share of the Trust estate for child support and expenses, and to impose a judgment lien on Vedder's share of the Trust estate to satisfy the community property judgment. The Trustee admitted the truth of all allegations in Pratt's petition.

The trial court denied Pratt's petition, based only on the language of the shutdown clause: "The Court finds that the 'shutdown clause' of the subject trust . . . precludes distributions of principal which are due to the beneficiary at the ages of 50, 55, 60 and 65. . . . The trust does not contain specific provision for disposition of trust assets in the event periodic distributions of principal become inoperative due to the shutdown clause and the trustee does not, in his discretion, distribute the entirety of the trust's principal to the beneficiary for her care, maintenance, support or education. The trust does provide that if the beneficiary dies before all such distributions are made that the beneficiary's share shall be distributed to the executor or administrator of the beneficiary's estate to be administered as part of the beneficiary's estate. The facts

per month from July 2011 to March 2013, at which time the support order would be suspended.

5

presented in <u>Ventura County Dept. of Child Support Services v. Brown</u>, (2004) 117 Cal.App.4th 144 are inapposite here. In that case under the terms of the trust the settlor's intent was if the debtor beneficiary dies the trust was to be administered for the benefit of the children of the beneficiary."

DISCUSSION

I.

*STANDARD OF REVIEW*

In this case, we are called upon to interpret a statute and the language of a trust instrument. None of the evidence is in conflict. Our review is therefore de novo. (*Ventura County*, *supra*, 117 Cal.App.4th at pp. 149-150 [statutory interpretation is question of law reviewed de novo]; *Estate of Powell* (2000) 83 Cal.App.4th 1434, 1439 [when there is no conflict in evidence, interpretation of trust instrument is legal question reviewed de novo].)

II.

*PROBATE CODE SECTION 15305*

The parties agree that this case is governed by application of Probate Code section 15305, which provides, in relevant part: "(b) If the beneficiary has the right under the trust to compel the trustee to pay income or principal or both to or for the benefit of the beneficiary, the court may, to the extent that the court determines it is equitable and reasonable under the circumstances of the particular case, order the trustee to satisfy all or part of the support judgment out of all or part of those payments as they become due and payable, presently or in the future. [¶] (c) Whether or not the beneficiary has the right under the trust to compel the trustee to pay income or principal or both to or for the benefit of the beneficiary, the court may, to the extent that the court determines it is equitable and reasonable under the circumstances of the particular case, order the

6

trustee to satisfy all or part of the support judgment out of all or part of future payments that the trustee, pursuant to the exercise of the trustee's discretion, determines to make to or for the benefit of the beneficiary.  [¶] (d) This section applies to a support judgment notwithstanding any provision in the trust instrument."

Probate Code section 15305 was added as one of a series of statutes intended to clarify California law regarding trusts.  (*Ventura County, supra*, 117 Cal.App.4th at p. 150.)  The legislation adding section 15305 had two objectives:  "1) to reduce the ability of a general creditor to reach a beneficiary's interest in a trust; and 2) to give greater rights to support creditors.  Child support creditors were elevated to the status of 'preferred creditors' and permitted to reach a beneficiary's interest in the trust, despite the existence of a spendthrift clause.  [Citation.]" (*Ventura County*, *supra*, at p. 151.)  Under section 15305, "[a] minor's right to support may not be defeated by a spendthrift provision in a trust instrument.  [Citation.]" (*Ventura County*, *supra*, at p. 152.)  Similarly, we hold in this case that a shutdown clause may not defeat a minor's right to support.  This conclusion is soundly based in subdivision (d) of section 15305: "This section applies to a support judgment notwithstanding any provision in the trust instrument."  An intent of the Legislature in enacting section 15305 was to ensure the payment of child support obligations and to facilitate the collection of child support.

III.

VENTURA COUNTY, SUPRA, *117 CAL.APP.4TH 144*

In *Ventura County*, *supra*, 117 Cal.App.4th at pages 147-148, Helen Marinos (Helen) established an irrevocable life insurance trust, and named her sons, Kenneth Marinos and Daniel Marinos, as beneficiaries.  Kenneth Marinos was the subject of child support judgments in favor of Stephanie Solace, the mother of two of his seven children, and in favor of the Ventura County Department of Child Support Services.  (*Id.* at pp. 147, 148.)  After Helen died, Solace and the Ventura County Department of Child

7

Support Services sought payment from the proceeds of the life insurance trust to pay the child support judgments and to provide for ongoing monthly child support payments. (*Id.* at p. 148.) The trial court ordered the trustee to satisfy the support judgments, and the trustee appealed. (*Id.* at p. 147.)

In a case of first impression, the Court of Appeal held a trial court could order a trustee to exercise its discretion to satisfy a support judgment. (*Ventura County*, *supra*, 117 Cal.App.4th at p. 152.) The court considered the terms of the trust before it, and the extent of discretion given to the trustee by Helen. (*Id.* at p. 150.) The court ultimately concluded it did not need to decide whether the trust was a spendthrift, support, or discretionary trust because the trustee's absolute discretion to make payments from the trust, and the beneficiary's inability to compel any payments, determined whether and how Probate Code section 15305 applied. (*Ventura County*, *supra*, at p. 150.)

The appellate court analyzed an attempt to compel a trustee to make payments toward a child support order: "We next consider California's strong public policy in favor of the payment of support. [Citation.] Under [Probate Code] section 15305, even if the trust instrument contains a spendthrift clause applicable to claims for child support, 'it is against public policy to give effect to the provision.' [Citation.] 'As a general rule, the beneficiary should not be permitted to have the enjoyment of the interest under the trust while neglecting to support his or her dependents.' [Citation.] . . . The policy behind the payment of support 'outweigh[s] the public policy that an owner of property, such as the settlor of a trust, may dispose of it as he pleases and may impose spendthrift restraints on the disposition of income.' [Citation.] [¶] By enacting section 15305, the Legislature intended to allow a support creditor to satisfy court-ordered child support obligations where the parent is a trust beneficiary. The statute was crafted to preclude a beneficiary's efforts to avoid a support obligation. The fact that the statute refers to payments made by the trustee demonstrates

8

legislative intent that the trustee make distributions from the trust.  Although a trustee may be given broad discretion, it may not exercise its discretion with an improper motive." (*Ventura County*, *supra*, 117 Cal.App.4th at pp. 154-155.)

The appellate court held that the trial court could compel the trustee in that case to satisfy the child support judgments:  "We conclude that, under [Probate Code] section 15305, subdivision (c), a court may overcome the trustee's discretion under the narrow circumstances present here:  when there is an enforceable child support judgment that the trustee refuses to satisfy.  Under these circumstances, the trial court may order the trustee to satisfy past due and ongoing support obligations directly from the trust." (*Ventura County, supra,* 117 Cal.App.4th at p. 155.)

Here, the Trustee attempts to distinguish *Ventura County*.  First, the Trustee argues the trust in *Ventura County* did not have a spendthrift clause or shutdown clause, as does the Trust here.  The trust in *Ventura County* did have a spendthrift clause, but not a shutdown clause.  The spendthrift clause in *Ventura County* appears to be similar to the spendthrift clause in the Trust.  (*Ventura County*, *supra*, 117 Cal.App.4th at p. 148 & fn. 1.)  In *Ventura County*, it was the discretion invested in the trustee, not the type of trust involved, that determined the reach of Probate Code section 15305.  In any event, as we explain, under Probate Code section 15305, the shutdown clause in the Trust cannot be enforced to prevent using trust principal to satisfy a final child support order.

Second, the Trustee argues, the trust in *Ventura County* provided that if the beneficiary died, his share was to be administered for the benefit of his children; the court found that provision reflected Helen's "intent to provide support to her grandchildren." (*Ventura County*, *supra*, 117 Cal.App.4th at p. 154.)  Here, the Trust provides that if Vedder dies before reaching age 65, her share is to be distributed through her probate estate.  The Trustee contends that this clause shows the Trustors did not intend to benefit Vedder's children.  In *Ventura County*, a child support judgment against the beneficiary existed before the irrevocable life insurance trust was established.  (Compare *Ventura*

9

*County*, *supra*, at p. 147 [child support judgment entered in January 1989] with *id.* at pp. 147-148 [trust established in June 1990].)   Here, by contrast, the final amendment to the Trust was executed in April 1989, and the first of Vedder's children was not born until April 1990.  The Trust's lack of a reference to children who were not yet born cannot be used to prove an intent not to benefit them.

In any event, as we explain, the language of the Trust actually shows an intent to benefit Vedder's children.  As noted *ante*, the Trust provides that if Vedder dies before reaching 65 years of age, the balance of her share of the Trust estate should be delivered to the executor or administrator of her probate estate, to be held or distributed accordingly.  The Trustee contends that by using this language, the Trustors did not intend to provide for Vedder's children.

There are three serious problems with the Trustee's argument.  First, as noted *ante*, Vedder did not have any children at the time the Trust was executed.  Second, when we analyze the language of the Trust, we find a clear intent to benefit any later born grandchildren or great-grandchildren.  Section 7.2.1.5 of the Trust provides that if the Trustors' two then living children, each of whom received a one-third share of the Trust estate, did not reach age 65, that child's share should pass to his or her surviving issue.  If the Trustors' children both died without surviving issue, "said share shall be set aside for the benefit of the then surviving issue by right of representation of Trustors, as hereinabove provided, to be held, administered, and distributed as a part of such other shares, respectively, including proportionately the distributed and the undistributed portions of the trust."  Thus, the Trust reflects the Trustors' intent to provide support for grandchildren or great-grandchildren who were yet to be born, including Vedder's children.

Third, applying Probate Code section 15305, would the result in this case be different if (as the Trustee argues) the Trustors had not expressed an intent to benefit Vedder's children or even had expressed an intent to not benefit them?  No.  Probate

10

Code section 15305 expresses this state's policy that child support judgments may be enforced against the distribution of assets from a trust. Indeed, subdivision (d) of section 15305 specifically provides that "[t]his section applies to a support judgment notwithstanding *any* provision in the trust instrument." (Italics added.)

## IV.

### *APPLICATION OF PROBATE CODE SECTION 15305 TO THE TRUST*

#### A.

#### *Which Distributions Does the Shutdown Clause Cover?*

The trial court denied Pratt's petition in its entirety, based on the shutdown clause. The shutdown clause does not purport to cover all distributions by the Trust; instead, it applies only to "the payment of periodic installments of principal," meaning the payments of specified amounts of the principal to Vedder upon reaching her 50th, 55th, 60th, and 65th birthdays. Thus, by its own express terms, the shutdown clause does *not* even apply to (1) the Trustee's distributions of *income* to Vedder between the ages of 25 and 65, or to (2) *discretionary* distributions from the principal for Vedder's needs.[3] Only the spendthrift clause could possibly apply to those types of income and principal distributions, and *Ventura County* makes clear that the spendthrift clause cannot be employed by the Trustee to avoid a proper child support judgment. "Under [Probate Code] section 15305, even if the trust instrument contains a spendthrift clause applicable to claims for child support, 'it is against public policy to give effect to the provision.' [Citation.]" (*Ventura County*, *supra*, 117 Cal.App.4th at p. 154.) Accordingly, all distributions of principal and interest from the Trust are covered by Probate Code section 15305.

---

[3] The shutdown clause also would not have applied to the discretionary payments of income to a beneficiary before he or she reached age 25. That provision is inapplicable in this case, as Vedder is over 25 years old.

11

B.

*What Is the Proper Disposition?*

We have concluded, for reasons of public policy expressed in the statute, that the shutdown clause cannot prohibit satisfaction of the final child support orders from periodic payments of principal. The other distributions of principal and interest are all covered by the statute, as we have explained. Thus, with respect to *all* distributions of income and principal of the Trust, the trial court must exercise its discretion under Probate Code section 15305, subdivisions (b) and (c).

The trial court failed to exercise any discretion in declining to order payments from the Trust. The failure to exercise discretion is an abuse of discretion. (*Law Offices of Dixon R. Howell v. Valley* (2005) 129 Cal.App.4th 1076, 1090-1091.) In addition, "[a] decision that rests on an error of law constitutes an abuse of discretion." (*In re Esperanza C.* (2008) 165 Cal.App.4th 1042, 1061.)

The trial court erred by applying the shutdown clause to preclude the use of any of the Trust's assets—whether principal or income—to satisfy the child support judgment. The court never reached the question of how to exercise its discretion, much less actually exercise its discretion. We conclude that the trial court, with the analytical framework and guidance in this opinion, should be given the opportunity to exercise its discretion in the first instance.

Therefore, as explained in detail in our disposition, we will remand the matter to the trial court to exercise its discretion to determine how much the Trustee must distribute to pay the child support arrearages and any current support obligations. The trial court must consider the strong public policy in favor of payment of child support obligations contained in Probate Code section 15305.

We reject the Trustee's argument that the trial court has the discretion to order that no portion of the distributions to Vedder from the Trust be used to pay the child support obligations. "It is a matter for the exercise of discretion by the court as to

12

*how much of the amount payable to the beneficiary under the trust should be applied for such support and how much the beneficiary should receive*." (Cal. Law Rev. Com. com., 54 West's Ann. Prob. Code (1991 ed.) foll. § 15305, p. 556, italics added.) The amount to be applied from trust distributions to the beneficiary's support obligations is a matter for the trial court's discretion; the court had no discretion to prevent any distributions to fulfill the support orders.

The record before us does not contain any information beyond the amounts owed and the parties' legal arguments about the Trust. The trial court should be given the opportunity to hear the evidence and make its discretionary calls in the first instance.[4]

These holdings apply only to Pratt's petition for payment from Vedder's share of the Trust estate applicable to the child support *arrearages* and Vedder's ongoing child support obligations. The community property judgment is not subject to the special rules created by Probate Code section 15305. As to the community property judgment, the rules making spendthrift clauses generally applicable would apply. (See Prob. Code, § 15300 et seq.) However, as explained *post*, Pratt was entitled to a judgment lien on Vedder's interest in the Trust to satisfy the community property judgment.

C.

*Guidance to the Trial Court and the Trustee on the Trustors' Intent*
*to Benefit a Grandchild's Children*

The Trustee may *not* exercise his discretion to avoid distributions under the Trust with the improper motive to prevent the Trust estate from being used to satisfy Vedder's child support obligations. As the court explained in *Ventura County*, *supra*, 117 Cal.App.4th at page 154, "in exercising its discretion to make or withhold payments, a trustee may not act in bad faith or with an improper motive. [¶] 'Where discretion is

_____

[4] We recognize that *Ventura County* decided this issue as a matter of law based on the record before it. Nevertheless, based on the limited record we have and the statutory framework, in this case, we will remand to the trial court with directions.

conferred upon the trustee with respect to the exercise of a power, its exercise is not subject to control by the court, except to prevent an abuse by the trustee of his discretion.' [Citations.] The court will not interfere with a trustee's exercise of discretion 'unless the trustee, in exercising or failing to exercise the power acts dishonestly, or with an improper even though not a dishonest motive, or fails to use his judgment, or acts beyond the bounds of reasonable judgment.' [Citation.] When a trust instrument confers 'absolute,' 'sole' or 'uncontrolled' discretion, 'the trustee shall act in accordance with fiduciary principles and shall not act in bad faith or in disregard of the purposes of the trust.' [Citation.] To determine the extent of the trustee's discretion, we look to the intention of the trustor, as manifested in the trust instrument. [Citations.]"

V.

*IMPOSITION OF A LIEN ON THE COMMUNITY PROPERTY JUDGMENT*

Pratt also has a judgment against Vedder for the value of a community property bank account improperly taken by Vedder immediately before their separation. In his petition, Pratt sought imposition of a judgment lien on Vedder's share of the Trust estate to satisfy the community property judgment.

A lien on a judgment debtor's interest in a trust must be sought by means of a petition filed in the court having jurisdiction over administration of the trust. (Code Civ. Proc., § 709.010, subd. (b).) Probate Code sections 15301, subdivision (b), 15306.5, and 15307 provide exceptions to the statutes making spendthrift clauses generally applicable. Those statutes provide, generally, that when a spendthrift clause applies, the trustee may not be compelled to satisfy a judgment against the beneficiary from the trust principal. (Prob. Code, § 15301, subd. (a).)

However, when the principal is paid from the trust to the beneficiary, it becomes subject to a lien obtained pursuant to Code of Civil Procedure section 709.010. (Prob. Code, § 15301, subd. (b).) If the trustee exercises his or her discretion to make

14

payments to the judgment debtor beneficiary, the trial court, in its discretion, may order that up to 25 percent of the payment to the beneficiary may be used to satisfy the judgment. (Prob. Code, § 15306.5, subds. (a), (b).) Discretionary payments that the trustee makes to the judgment debtor beneficiary in excess of the amount necessary for the beneficiary's education and support are subject to such a judgment lien. (Prob. Code, § 15307.) In short, any amount the Trustee pays to Vedder, whether discretionary or nondiscretionary, above the amount necessary for Vedder's education and support, is subject to a judgment lien and subject to the limitations of the aforementioned statutes.

When the trial court's assistance in enforcing a judgment is sought pursuant to Code of Civil Procedure section 709.010, the court has discretion to determine what means of satisfying the judgment is proper. Here, the trial court failed to exercise discretion when it denied the section 709.010 petition for imposition of a judgment lien. Therefore, we reverse the trial court's order.

DISPOSITION

The order is reversed and the matter is remanded for further proceedings consistent with this opinion.

The trial court shall, to the extent the court determines it is equitable and reasonable:

1. Pursuant to Probate Code section 15305, subdivision (b), if the beneficiary Vedder has the right under the Trust to compel the Trustee to pay income or principal, or both, to or for the benefit of the beneficiary, order the Trustee to satisfy all or part of Vedder's child support and expense obligations, as they become due and payable, presently and in the future, from such principal and income.

2. Pursuant to Probate Code section 15305, subdivision (c), whether or not the beneficiary Vedder has the right under the Trust to compel the Trustee to pay income or principal, or both, to or for the benefit of the beneficiary, order the Trustee to satisfy

15

all or part of Vedder's child support and expense obligations out of all future payments that the Trustee, pursuant to the exercise of the Trustee's discretion as described in this opinion and the disposition, determines to make to or for the benefit of the beneficiary. With respect to this paragraph, the trial court and the Trustee shall give consideration to the Trustors' intent to provide support for Vedder's children, the strong public policy in favor of payment of child support obligations, and the principle that where a trustee has discretion to make or withhold a payment, the trustee may not act in bad faith or with an improper motive, including an intent to avoid child support obligations.

The portion of the trial court's order denying Pratt's petition for imposition of a judgment lien on Vedder's share of the Trust to satisfy the community property judgment is also reversed.

Appellant to recover costs on appeal.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.

16