Filed 11/18/24  Ramirez v. Ramirez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JEANETTE RAMIREZ, Individually and as Trustee, etc., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> NICHOLAS D. RAMIREZ, <br><br> Defendant and Appellant. | 2d Civ. No. B336369 <br> (Super. Ct. No. 202200562703PRTR) <br> (Ventura County) |

Nicholas D. Ramirez (Nicholas) appeals an order granting counsel for plaintiff Jeanette Ramirez (Jeanette) $7,500 in attorney fees as sanctions.[1]  (Code Civ. Proc., § 128.5.[2])  Jeanette filed a probate court petition challenging the validity of a deed she conveyed to Nicholas.  Nicholas moved to disqualify

---

[1] We refer to the parties by their first names for clarity, not from disrespect.

[2] All statutory references are to the Code of Civil Procedure.

Jeanette's attorney. The court denied the motion and imposed monetary sanctions on Nicholas.

We conclude, among other things, that the trial court erred by granting sanctions because: 1) Nicholas was not served with a separate notice of motion for sanctions; 2) Jeanette did not comply with the 21-day sanctions safe harbor provision; and 3) the trial court did not make the required statutory findings to impose sanctions. We reverse.

FACTS

Jeanette is the trustee of the Pedro O. Ramirez and Jeanette Ramirez Living Trust, dated June 1, 2000. Jeanette conveyed her home to her grandson Nicholas. Jeanette subsequently filed a petition claiming the deed was void because of her incapacity and because she was subject to undue influence in making the conveyance.

Nicholas filed a motion to disqualify attorney Robert Baskin who represents Jeanette. He claimed Baskin represents both Jeanette and her son Timothy. Timothy and Jeanette have a conflict of interest, and Baskin cannot represent Jeanette and Timothy because of this conflict.

In his opposition, Baskin claimed the motion had no "legal basis" and it was filed as a "litigation tactic." In the last page of his opposition, he wrote, "The motion should be denied and *sanctions should be awarded* against [Nicholas]." (Italics added.) Baskin did not file a separate motion for sanctions.

The trial court issued a tentative decision denying the motion to disqualify Baskin. It found Nicholas did not have standing to bring the motion because he did not have an "attorney-client relationship with Attorney Baskin." After a Zoom hearing, the court issued a written order denying the

motion to disqualify Baskin because Nicholas lacked standing to bring the motion.  It then ruled, "The Court grants fees to Attorney Baskin in the amount of $7,500.00 which are awarded against Nicholas Ramirez."

In a notice of ruling, filed and prepared by Jeanette's counsel, her attorney wrote, "The court awarded monetary sanctions for attorney's fees incurred by Robert M. Baskin in the sum of $7,500.00 . . . ."[3]

DISCUSSION

Section 128.5 sets forth the procedure for an award of sanctions.  Section 128.5, subdivision (f) provides, "Sanctions ordered pursuant to this section *shall be ordered* pursuant to the following conditions and procedures."  (Italics added.)  Section 128.5, subdivision (f)(1)(A) then provides, "A motion for sanctions under this section *shall be made separately from other motions or requests* and shall describe the specific alleged action or tactic, made in bad faith, that is frivolous or solely intended to cause unnecessary delay."  (Italics added.)  The mandatory legislative intent "is indicated by the Legislature's use of the word 'shall.' " (*West Shield Investigations & Security Consultants v. Superior Court* (2000) 82 Cal.App.4th 935, 949.)

However appropriate the trial court thought that sanctions were warranted, strict compliance with section 128.5's procedures is the prerequisite to make such an award.  (*Zarate v. McDaniel* (2023) 97 Cal.App.5th 484, 489; *Transcon Financial, Inc. v. Reid & Hellyer, APC.* (2022) 81 Cal.App.5th 547, 550; *CPF Vaseo Associates, LLC v. Gray* (2018) 29 Cal.App.5th 997, 1007; *Nutrition Distribution, LLC v. Southern SARMs, Inc.* (2018) 20

---

[3] Jeanette's request for judicial notice, filed September 3, 2024, is granted.

Cal.App.5th 117, 124 ["a motion for sanctions must be made separately from any other motion"]; *In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1225, fn. 7 [award of sanctions based on a motion that was not " 'made separately from other motions' " must be reversed]; *Goodstone v. Southwest Airlines Co.* (1998) 63 Cal.App.4th 406, 420 [a request for "sanctions must be made as a separate motion, i.e., not simply included as an additional prayer for relief contained in another motion"].) Consequently, "if one is attempting to obtain attorney's fees under section 128.5, then one should use the procedures of subdivision (f)." (*Changsha Metro Group Co. Ltd. v. Xufeng* (2020) 57 Cal.App.5th 1, 18 (*Changsha*).)

Jeanette did not file a separate motion for sanctions. She notes that in *Changsha* the court ruled that "attorney's fees may be awarded as expenses, and expenses may be requested in a party's responding papers." (*Changsha, supra*, 57 Cal.App.5th at p. 8.) But the court there held that procedure had to be used in anti-SLAPP cases because of the unique short time limits required by the anti-SLAPP statute. This is not an anti-SLAPP case. It is not subject to those requirements. Therefore, the separate motion procedure should have been used here because that is "the Legislature's intent." (*Changsha*, at p. 18.)

At the end of Jeanette's response to Nicholas's motion to disqualify counsel, her counsel Baskin wrote, "The motion should be denied and *sanctions should be awarded* against [Nicholas]." (Italics added.) Nicholas claims that the request for sanctions "was not a 'notice of expenses' – it was a throw away line added to punctuate [Baskin's] opposition to the motion."

That request in Jeanette's response to Nicholas's motion is not a formal notice of motion. It does not contain a 21-day

4

hearing date, a declaration, a brief, and evidence supporting a specific dollar amount as attorney fees. (Cal. Rules of Court, rules 3.1112 & 3.1113.) "A formal noticed motion is required . . . ." (*Galleria Plus, Inc. v. Hanmi Bank* (2009) 179 Cal.App.4th 535, 538.) Merely claiming "sanctions should be awarded" is not a substitute for complying with the rules of court involving motions (Cal. Rules of Court, rules 3.1112 & 3.1113) or the statutorily mandated notice and procedural requirements of the sanctions statute. (*CPF Vaseo Associates, LLC v. Gray*, *supra*, 29 Cal.App.5th at p. 1007.) Informal substitutes for these procedures will not suffice. (*Ibid*.)

" 'Strict compliance with the statute's notice provisions serves its remedial purpose and underscores the seriousness of a motion for sanctions.' " (*CPF Vaseo Associates, LLC v. Gray*, *supra*, 29 Cal.App.5th at p. 1007.) Jeanette's request for sanctions in her response is simply an "additional prayer for relief contained in another motion," which is insufficient for sanctions. (*Goodstone v. Southwest Airlines Co.*, *supra*, 63 Cal.App.4th at p. 420.)

The Legislature imposed the separate motion requirement so that parties would not be subject to surprise sanctions traps. There are additional reasons why Nicholas could reasonably believe that the hearing on his motion would not involve the issue of sanctions.

*The 21-Day "Safe Harbor" Rule*

Nicholas was entitled to receive "a 21-day safe harbor notice" that would allow him to avoid sanctions. (*Changsha*, *supra*, 57 Cal.App.5th at p. 8.) Jeanette did not give that notice, and that failure bars her claim for sanctions.

To obtain sanctions under section 128.5, a party must "first serve a motion for sanctions." (*Zarate v. McDaniel*, *supra*, 97 Cal.App.5th at p. 489.) "Service of the motion triggers the 21-day safe harbor period during which the moving party may not file the motion." (*Ibid.*) "During that 21-day period, the offending party may avoid sanctions by withdrawing or correcting the challenged action." (*Ibid.*) "If the offending party does not withdraw or correct the challenged action, the moving party may file the sanctions motion." (*Ibid.*) "Courts *strictly apply* section 128.5, subdivision (f)'s safe harbor provision." (*Ibid.*, italics added.) "*If a moving party fails to comply with it, the sanctions motion must be denied.*" (*Ibid.*, italics added.) Here Nicholas did not have a 21-day period before the hearing to exercise his safe harbor rights.

*The Tentative Ruling*

The trial court issued a tentative ruling on Nicholas's motion. The tentative ruling provides notice to the parties about the issues the court deems relevant for the hearing. (Cal. Rules of Court, rule 3.1308(a)(1).) In three paragraphs the court explained why Nicholas's motion was denied. But it did not give notice to counsel that sanctions would be an issue at the hearing or issue an order to show cause regarding sanctions. It did not mention section 128.5, attorney fees, sanctions, or cite to any improper conduct by Nicholas or his counsel. At the end of the tentative, the court indicated what it intended to do at the hearing by writing, "Accordingly, the Court *intends to deny the motion*." (Italics added.)

An attorney reading that tentative ruling, who has not received a 21-day safe harbor notice, could reasonably conclude sanctions were not an issue that could be decided by the court at

6

the hearing. (*Zarate v. McDaniel*, *supra*, 97 Cal.App.5th at p. 489.) Where a hearing involves one issue, but without proper notice the case is resolved on another issue to the surprise and detriment of a party, that unfair procedural change implicates the due process rights of the party prejudiced by the result. (*In re Ruffalo* (1968) 390 U.S. 544, 550-551 [20 L.Ed.2d 117, 122]; *Doe v. University of Southern California* (2016) 246 Cal.App.4th 221, 242.)

*Not Reaching the Merits of the Conflict Issue*

Jeanette claims because the trial court denied Nicholas's motion for disqualification of her counsel, sanctions were properly awarded. But the court did not reach *the merits* of Nicholas's motion. It ruled he lacked standing because he did not have an attorney-client relationship with Jeanette's counsel. Jeanette claims the court properly relied on *Great Lakes Construction, Inc. v. Burman* (2010) 186 Cal.App.4th 1347, 1356, 1358 (*Great Lakes Construction*), which adopts this rule and shows Nicholas's motion lacked merit because he lacked standing. But other cases have reached a different result on standing. "Case law abounds with examples of orders disqualifying counsel that have not been the product of motions by present or former clients." (*Kennedy v. Eldridge* (2011) 201 Cal.App.4th 1197, 1204.)

Jeanette has not shown why Nicholas's counsel could not reasonably rely on *Kennedy* instead of *Great Lakes Construction*. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [counsel may pursue "arguably correct" positions, even if they are "extremely unlikely" to prevail].) Noncompliance with *Great Lakes Construction* is not a basis for sanctions because Nicholas followed an "arguably correct" path authorized by other appellate decisions. (*Flaherty*, at p. 650.)

Moreover, the trial court never found the factual merits of Nicholas's motion were untrue.  Independent of the standing issue, the conflict issue remained unresolved but was a relevant issue for the court to decide.  "It makes no sense for a court to stand idly by and permit conflicted counsel to participate in a case merely because neither a client nor former client has brought a motion." (*Kennedy v. Eldrige*, *supra*, 201 Cal.App.4th at p. 1204.)  Where the trial court has information that an attorney is representing conflicting interests, it has the authority to consider that issue and to disqualify counsel if a conflict is shown. (*Id.* at p. 1205; *People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135, 1147.)

Sanctions should not be awarded against a party where the trial court did not reach the merits of his or her motion so as to be able to find "it indisputably has no merit." (*In re Marriage of Flaherty*, *supra*, 31 Cal.3d at p. 650.)  This power should be used "sparingly to deter only the most egregious conduct." (*Id.* at p. 651; *Summers v. City of Cathedral City* (1990) 225 Cal.App.3d 1047, 1071.)  " '[A]n action that is simply without merit is not by itself sufficient to incur sanctions.' " (*Bach v. McNelis* (1989) 207 Cal.App.3d 852, 878.)  The "[i]ndiscriminate" award of sanctions could "deter attorneys from vigorously representing their clients" (*Clarity Co. Consulting, LLC v. Gabriel* (2022) 77 Cal.App.5th 454, 466), penalize creative advocacy, and impair the right of access to the courts.

### *The Findings*

There is an additional reason why this order must be reversed.  Section 128.5, subdivision (c) provides that the order awarding sanctions "*shall recite in detail* the action or tactic or circumstances justifying the order." (Italics added.)  Making

8

these required findings ensures " 'the power conferred by statute will not be abused.' " (*In re Marriage of Sahafzadeh-Taeb & Taeb* (2019) 39 Cal.App.5th 124, 143.)  The trial court did not reveal the legal basis for an award of fees, the factual basis, if any, for a finding of sanctionable conduct, or an explanation of how the amount of fees was determined.  It simply wrote, "The Court grants fees to Attorney Baskin in the amount of $7,500.00 which are awarded against Nicholas Ramirez."

But "[s]uch a summary order violates due process and precludes this court from determining whether the trial court abused its discretion in awarding sanctions under Code of Civil Procedure section 128.5." (*Childs v. PaineWebber Incorporated* (1994) 29 Cal.App.4th 982, 997.)  The order is insufficient to sustain an award of sanctions because the trial court "failed to recite any details of the conduct or circumstances justifying [the imposition of sanctions]." (*Ibid*.)  "[T]he Legislature intended that the court determine that an action or tactic was . . . pursued in subjective bad faith before imposing sanctions . . . ." (*Summers v. City of Cathedral City*, *supra*, 225 Cal.App.3d at p. 1071.)

Our ruling is based solely on the procedural posture of this appeal and not the trial court's rationale for its decision.

## DISPOSITION

The order is reversed.  Costs on appeal are awarded in favor of the appellant.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

BALTODANO, J.          CODY, J.

9

Roger L. Lund, Judge

Superior Court County of Ventura

_____

The Alvarez Firm, Justin M. Alvarez and David A. Shaneyfelt for Defendant and Appellant.

Law Office Of Robert M. Baskin and Doria G. Thomas for Plaintiff and Respondent.